**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-08295-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Bo Lane, | |
| Defendant. | |

Pending before the Court is Defendant Bo Lane's Motion to Preclude Propensity Evidence (Doc. 125). For the following reasons the motion is denied without prejudice.

## BACKGROUND

On May 24, 2019, the Government filed its Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 414 (Doc. 124). In the Notice, the Government indicates that it plans to introduce testimony from S.B., a twenty-one-year-old woman, who will testify that Defendant "put his penis in her mouth" on multiple occasions when she was between five and seven years old. (Doc. 124 at 2.) The Government intends to introduce this evidence under Federal Rule of Evidence 414.

## DISCUSSION

Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). The government is required to disclose any such evidence "at least 15

days before trial or at a later time that the court allows for good cause." *Id.* (b).

Evidence proffered under Rule 414 must undergo Rule 403 scrutiny. Rule 403 allows courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Rule 414 is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *United States v. LeMay*, 260 F.3d 1018, 1022 (9th Cir. 2001). However, so long as Rule 403 is applied to adequately safeguard a defendant's right to a fair trial, "there is nothing fundamentally unfair about the allowance of propensity evidence under Rule 414." *Id.* at 1026.

As an initial matter, the Government's notice of its intent to use Rule 414 evidence was provided more than fifteen days before trial and was therefore timely.

The Ninth Circuit has articulated several factors to consider when determining whether to admit evidence of a defendant's prior acts of sexual misconduct. Factors include:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* at 1027–28 (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)) (quotation marks omitted).

*Similarity of the prior acts to the acts charged*. The testimony the Government seeks to introduce from S.B. consists of testimony that Defendant engaged in prior conduct that is identical to the conduct charged in Counts One, Two, and Five of the superseding indictment—*i.e.*, Defendant allegedly made penile-oral contact with S.B., Jane Doe 1, and Jane Doe 2. Both the prior and charged conduct allegedly took place in Defendant's home. The alleged victims were all young girls at the time of the alleged conduct. Because the conduct alleged by the victims is essentially identical, this factor favors admission of S.B.'s

testimony. *See id.* at 1028 (noting that evidence of a defendant's prior acts of child molestation were "highly relevant" because the prior conduct and the charged conduct were of the same nature and the victims were of similar ages).

*The closeness in time of the prior acts to the acts charged.* The conduct alleged by S.B. in her proffered testimony occurred between sixteen and fourteen years ago. (*See* Doc. 124 at 2.) The alleged conduct that forms the basis of Counts One, Two, and Five—the counts alleging conduct similar to the conduct alleged by S.B.—took place between 2014 and 2017. There is, therefore, approximately a nine-year gap between the latest conduct alleged by S.B. and the earliest conduct alleged by Jane Doe 2. While ten years is a significant period of time, particularly where S.B.'s allegations regard actions taken when she was between five and seven years old, *LeMay* upheld the admission of Rule 414 evidence even though eleven years had expired between the prior conviction and the charged conduct. *Id.* at 1029. At the very least, then, this factor does not cut against the admissibility of S.B.'s testimony.

*The frequency of the prior acts.* This favor also cuts in favor of admission. The Government represents that S.B. will testify that Defendant abused her "many times" between the ages of five and seven. (Doc. 124 at 2.) *See id.*

*The presence or lack of intervening circumstances.* The parties have not presented any evidence of any alleged misconduct during the time between S.B.'s alleged abuse and that of the alleged victims in this case. Since there are no allegations of misconduct in that intervening period, this factor favors exclusion of the evidence. *See Glanzer*, 232 F.3d at 1269 (noting that a lack of "evidence of any intervening misconduct on [Defendant's] part" supported exclusion of Rule 414 evidence).

*The necessity of the evidence beyond the testimonies already offered at trial.* The Government has represented that it intends to call both of the alleged victims as witnesses in this case. It appears at this point that the Government's case rests primarily on the testimonies of Jane Doe 1 and Jane Doe 2, without substantial medical, forensic, or scientific corroboration. In such a circumstance, S.B.'s testimony that Defendant

previously abused her in the same way is practically necessary to the government's case and is relevant. *See LeMay*, 260 F.3d at 1028. "Prior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *Id.* at 1029 (emphasis in original). This factor, then, favors admission of S.B.'s testimony.

On balance, the factors examined favor admission of S.B.'s testimony that Defendant abused her the same way he allegedly abused the victims in this case. Although S.B.'s proffered testimony would undoubtedly be prejudicial to Defendant, her testimony, in the context of this case, is highly probative. The court thus cannot conclude on the papers alone that the probative value is substantially outweighed by a danger of undue prejudice to Defendant.

Defendant contends that evidence of prior convictions would be less inflammatory than testimony of previous alleged abuse. But just because records of previous convictions would be less inflammatory does not mean that testimony from a prior alleged victim should be excluded. It is in part the details of how the alleged past crimes were committed that provide the relevance in this case. While to some extent that requires an evaluation of the testimony as offered at trial, the principal inquiry is whether prejudice substantially outweighs probative value.

**CONCLUSION**

The Court cannot conclude prior to trial that the probative value of S.B.'s proffered testimony is substantially outweighed by the danger of unfair prejudice to Defendant.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Preclude Propensity Evidence under Rule 414 (Doc. 125) is **DENIED WITHOUT PREJUDICE**.

Dated this 7th day of June, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge